**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FRANCISCO ARRIETA,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**COUNTY OF KERN, and DOES 1 to 100, Inclusive,**<br><br>       **Defendants.** | **CASE NO.: 1:14-cv-00400-LJO-JLT**<br><br>**ORDER TO CONSOLIDATE FOR ALL PRETRIAL PURPOSES** |
| **LAURA VASQUEZ,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**COUNTY OF KERN, and DOES 1 to 100, Inclusive,**<br><br>       **Defendants.** | **CASE NO.: 1:14-cv-00401-LJO-JLT**<br><br>**ORDER TO CONSOLIDATE FOR ALL PRETRIAL PURPOSES** |
| **MARIA MELENDEZ,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**COUNTY OF KERN, and DOES 1 to 100, Inclusive,**<br><br>       **Defendants.** | **CASE NO.: 1:14-cv-00402-LJO-JLT**<br><br>**ORDER TO CONSOLIDATE FOR ALL PRETRIAL PURPOSES** |
| **SULINA QUAIR,**<br><br>       **Plaintiff,**<br><br>       v.<br><br>**COUNTY OF KERN, and DOES 1 to 100, Inclusive,**<br><br>       **Defendants.** | **CASE NO.: 1:14-cv-00403-LJO-JLT**<br><br>**ORDER TO CONSOLIDATE FOR ALL PRETRIAL PURPOSES** |

| | |
|---|---|
| **MELISSA QUAIR,** | **CASE NO.: 1:14-cv-00404-LJO-JLT** |
| **Plaintiff,** | **ORDER TO CONSOLIDATE FOR ALL PRETRIAL PURPOSES** |
| **v.** | |
| **COUNTY OF KERN, and DOES 1 to 100, Inclusive,** | |
| **Defendants.** | |

Plaintiffs in the five (5) above-captioned cases claim to have witnessed and/or videotaped a violent encounter on or about May 7, 2013 between unnamed Kern County Sheriff's Department Deputies and a man unrelated to Plaintiffs. All Plaintiffs claim to have been subjected to unlawful treatment when certain of the Deputies attempted to retrieve the cellular telephone on which video had been recorded. Among other things, Plaintiffs claim Deputies refused for several hours on the evening of May 7, 2013 and again the next morning to let Plaintiffs leave an apartment where all Plaintiffs were congregated. Defendants have filed substantially similar and overlapping motions to dismiss the five separate complaints. On April 15, 2014, in light of the substantial overlap between these cases, the Court issued an Order to Show Cause why these cases should not consolidated for pretrial purposes. No party objected to consolidation.

Federal Rule of Civil Procedure 42(a) provides:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

The purpose of consolidation is to achieve judicial convenience and economy. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). However, consolidation is not meant to "merge the suits into a single cause, [] change the rights of the parties, or make those who are parties in one suit parties in another." *Id*.; *see also J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir.

1   1972) ("the law is clear that an act of consolidation does not affect any of the substantive rights of the

2   parties"). A district court has broad discretion to determine whether and to what extent consolidation is

3   appropriate. *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). In deciding whether

4   to consolidate, a court should balance the interest of judicial convenience against "any inconvenience,

5   delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see*

6   *also Bank of Montreal v. Eagle Assoc.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) (court must weigh benefits

7   of consolidation against "the potential for delay, confusion, or prejudice").

8          The Court finds that consolidation for pretrial purposes will aid both judicial and party efficiency

9   and that consolidation will not cause delay, confusion, or prejudice. Accordingly, the Clerk of Court is

10  directed to consolidate these cases, with the lowest-numbered case, ***Arrieta v. County of Kern***, **1:14-cv-**

11  **00400-LJO-JLT**, serving as the lead case. Until further notice, the parties and the Clerk of Court are to

12  file all documents in all five consolidated cases under <u>only</u> the lead case number.[1] Future captions

13  should indicate the lead case number followed by the remaining "member case numbers" as follows:

14          **Lead Case:**        **1:14-cv-00400-LJO-JLT**
                **Member Cases:**   **1:14-cv-00401-LJO-JLT**
15                                  **1:14-cv-00402-LJO-JLT**
                                    **1:14-cv-00403-LJO-JLT**
16                                  **1:14-cv-00404-LJO-JLT**

17  Within ten (10) days after the dispositive motions deadline has passed and/or all dispositive motions

18  have been ruled upon, whichever is later, the parties shall file a joint status report addressing whether

19  consolidation should be extended to include trial.

20  **SO ORDERED**
    **Dated: April 25, 2014**

21                                          **/s/ Lawrence J. O'Neill**
                                            **United States District Judge**

22

23

24

25
    _____

26  [1] The Court would prefer Plaintiffs to file a single, consolidated opposition to the pending motions to dismiss and will
    entertain a motion, or preferably a reasonable stipulation, to expand the page limits for both the opposition and reply.