UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARRIETA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, DEPUTY ENRIQUE BRAVO, DEPUTY BRANDON RUTLEDGE, and DOES 1 to 100, Inclusive,<br><br>    Defendants. | LEAD CASE 1:14-cv-00400-LJO-JLT<br><br>MEMBER CASE: 1:14-cv-00401-LJO-JLT<br>MEMBER CASE: 1:14-cv-00402-LJO-JLT<br>MEMBER CASE: 1:14-cv-00403-LJO-JLT<br>MEMBER CASE: 1:14-cv-00404-LJO-JLT<br>MEMBER CASE: 1:14-cv-00717-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION (DOC. 47) |

## I. INTRODUCTION

Plaintiffs in the six (6) above-captioned cases claim to have witnessed and/or videotaped a violent encounter on or about May 7, 2013 between unnamed Kern County Sheriff's (KCS) Deputies and a man unrelated to Plaintiffs. Plaintiffs claim to have been subjected to unlawful treatment when Deputies Enrique Bravo and Brandon Rutledge, along with other unnamed officers, attempted to retrieve the cellular telephones on which videos had been recorded.

## II. PROCEDURAL HISTORY

Plaintiffs Francisco Arrieta, Laura Vasquez, Sulina Quair-Vasquez, Maria Melendez and Melissa Quair filed complaints in the above captioned cases on March 31, 2014. Doc. 1. On April 14, Defendant County of Kern moved to dismiss these cases. Doc. 7. The cases were consolidated on April 28, 2014. Doc. 12. The Court granted Defendant's motions to dismiss in part, and allowed Plaintiff leave to amend most of the dismissed claims. Doc. 28.

On May 12, 2014 minor T.A. filed a related case, through his guardian ad litem. *T.A. v. County of Kern*, 1:14-cv-00717-LJO-JLT, Doc. 1. This case was consolidated with the other five cases on May

21, 2014. Doc. 15.

Plaintiffs in all six consolidated cases filed an amended complaint on July 15, 2014. First Amended Complaint (FAC), Doc. 32. Plaintiffs seek to recover against Defendants under state and federal civil rights statutes, as well as under various tort theories. Plaintiffs' claims are based on two separate events. The first occurred after midnight on May 8, 2013 at Melissa Quair's residence. FAC ¶¶ 17-39. The second event occurred later that morning, between 10 am and noon, at the same location. Compl. ¶¶ 40-52.

Defendants now move for summary judgment as to KCS Deputies Bravo and Rutledge with respect to the Arrieta's claims regarding the first event, on the basis that they were not present at this incident. P. & A. in Support of Mot. for Summ. Adjudication (MSJ), Doc. 47-1. Plaintiffs timely responded. Pls.' Opp'n to Defs.' Mot. for Summ. J. (Opposition), Doc. 51. Defendants filed a reply on April 15, 2015. Defs.' Reply to Pls.' Opp'n (Reply), Doc. 53. The motion was set for hearing April 22, 2015, but the hearing was vacated and the matter submitted for decision on the papers pursuant to Local Rule 230(g).

### III. FACTUAL BACKGROUND[1]

The parties agree to the following facts: At around midnight, May 7, 2013 all Plaintiffs in this action, except Melissa Quair, witnessed a physical encounter between various law enforcement officers and David Silva in front of Kern Medical Center. Pls.' Separate Statement of Material Facts (PSSMF), Doc. 51-1, #2. Francisco Arrieta and Maria Melendez recorded videos of the encounter on their cell phones. PSSMF #3. Sulina Quair-Vasquez called 911 to report the incident using T.A.'s phone. *Id.* A KCS representative contacted Sulina and asked if they could all be at one place to speak with investigators. PSSMF #4. Arrieta, Quair, Quair-Vasquez, and Vasquez agreed to meet with KCS

---

[1] Because on summary judgment the evidence of the non-moving party is assumed to be true and disputed facts are construed in the non-movants favor, the Court sets forth the undisputed facts and notes those disagreements of fact that are relevant to this decision.

deputies at Melissa Quair's apartment. Deputies spoke with or interviewed these Plaintiffs at this time. PSSMF #5. Plaintiffs claim that KCS officers demanded that Arrieta turn over his cell phone to them without a warrant. Pls.' Additional Disputed Material Facts (PADMF), Doc. 51-1, #5.[2] Plaintiffs claim that KCS officers would not allow Arrieta to leave the apartment until he gave them his phone. PADMF #6, 9. The Parties also dispute whether Defendant Officers Bravo and Rutledge were present at this event. The parties agree that KCS officers left around six am on the morning of May 8, 2013. PSSMF #6.

The parties also agree that Bravo and Rutledge went to Melissa Quair's residence at ten a.m. that same morning. PSSMF #7. Melendez appeared at the apartment 20-25 minutes later. PSSMF #9. Sulina Quair came by sometime after that. *Id.* Arrieta was not present at this time. *Id.* Plaintiffs claim that officers demanded Maria Melendez's phone from her, but that they did not have a warrant for it. PADMF #18. Plaintiffs argue that while Bravo was at the house, he admitted that he had been present for the first event (hereinafter, the "Early Morning Event"). PADMF #28. Plaintiffs state that they were never provided with a search warrant for either phone. PADMF #30.

## IV. STANDARD OF DECISION

Summary judgment is proper if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). A fact is material if it could affect the outcome of the suit under the governing substantive law; "irrelevant" or "unnecessary" factual disputes will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[2] Defendants suggest that Plaintiff's assertion of its own disputed facts is somehow improper. Reply at 3-4. This jurisdiction's local rules permit a party opposing summary judgment to file their own statement of disputed facts. L.R. 260(b).

(1986).

If the moving party would bear the burden of proof on an issue at trial, that party must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In contrast, if the non-moving party bears the burden of proof on an issue, the moving party can prevail by "merely pointing out that there is an absence of evidence" to support the non-moving party's case. *Id*. When the moving party meets its burden, the non-moving party must demonstrate that there are genuine disputes as to material facts by either:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. *See Anderson*, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. Only admissible evidence may be considered in deciding a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun*, 509 F.3d at 984.

## V. ANALYSIS

Defendants argue that they are entitled to summary judgment against all claims raised by Arrieta on the basis that he can't point to evidence that either Bravo and Rutledge were responsible for any of the constitutional deprivations he alleged. MSJ at 4. Plaintiffs argue that a) Defendants' motion is procedurally improper, b) Bravo and Rutledge may be liable under a conspiracy theory and c) in the alternative, that a ruling on this issue should be continued to allow for further discovery. Opposition at 4.

A.   **Current Procedural Validity of Partial Motions for Summary Judgment**

Plaintiff cites to a number of federal district court decisions from other jurisdictions as support for their theory that Rule 56 does not allow for summary judgment as to parts of a claim or defense. Opposition at 7-8. The cases Plaintiff cites no longer represent good law. Rule 56 of the Federal Rules of Civil Procedure was amended effective December 1, 2010 and now expressly recognizes "partial summary judgment." The current Rule 56(a) provides that a party "may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." (Emphasis added.). Defendants' motion is procedurally valid.

B.   **Liability for Early Morning Events**

   1.   **Conspiracy Theory and State Civil Rights Claims**

Plaintiffs argue that Bravo and Rutledge may be liable for the Early Morning Events, even if they weren't physically present because they conspired with co-defendants after the fact. Opposition at 10. Defendants argue that Plaintiffs fail to allege any facts or offer any evidence that would support a state conspiracy theory under California Civil Code Sections 51, 51.5, 51. 7 and 52.1.[3] MSJ at at 5.

First, Defendants argue that Plaintiffs can point to no evidence that would support recovery under Sections 51 or 51.5 because those codes only apply to civil rights violations attributed to business establishments; and the conduct at issue occurred in a private residence at the hands of public officers. Plaintiffs do not dispute these assertions. This Court agrees that Sections 51 and 51.5 do not apply to the facts of this case. Cal. Civ. Code § 51(a) ("All persons within the jurisdiction of this state are free and equal, [and] . . . are entitled to the full and equal accommodations . . . in all business establishments of every kind whatsoever."); Cal. Civ. Code § 51.5(a) ("No business establishment of any kind whatsoever shall discriminate against . . . any person in this state on account of any characteristic listed or defined in

---

[3] In their Reply, Defendants express concern that Plaintiffs' Opposition invoked federal conspiracy theories. Reply at 4-5. As Defendants point out, the FAC limited conspiracy claims to California law. FAC ¶ 123 ("All Plaintiffs assert this Eighth Cause of Action for Civil Conspiracy under California Law."); FAC ¶¶ 126-27 (alleging liability of Defendants under Cal. Gov't Code §§ 815.2(a) & 820(a). The Court does not see where Plaintiffs may have introduced federal conspiracy claims, as their Opposition cites only to state law. Opposition at 9-11.

subdivision (b) or (e) of Section 51."[4]). Defendants' motion for summary judgment is granted as to these claims.

Defendants also argue that Plaintiffs point to no evidence that would sustain a cause of action under Section 51.7. This section protects a citizen's "right to be free from any violence, or intimidation by threat of violence," with respect to political affiliation, position in a labor dispute "or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51." Cal. Civ. Code § 51.7 (a). Section 52.1 similarly penalizes individuals, "whether or not acting under color of law," who "interefere[]" with someone's civil rights by "threat, intimidation, or coercion, or attempt[] to interfere by threat, intimidation, or coercion." Cal. Civ. Code § 52.1(a).

Defendants produced testimonial evidence that neither Bravo nor Rutledge was present at the Early Morning Events. Decl. of Enrique Bravo (Bravo Decl.), Doc. 47-6, ¶ 3; Decl. of Brandon Rutledge (Rutledge Decl.), Doc. 47-7, ¶ 3. Plaintiffs dispute this and point to an incident report submitted by Rutledge that morning. PSSMF # 8. This report, however, establishes only that Rutledge was on duty at 4:00 am the morning of May 8, 2013; not that he was at the Quair residence earlier that morning. Incident Report, Opposition Ex. 1, Doc. 51 at 17.[5] Plaintiffs also cite to a transcript of the conversation that occurred between officers and Plaintiffs during their second encounter. PSSMF #10; Transcript, Decl, of Stephanie Olsen, Ex. 1, Doc. 47-8. In this encounter, Quair asks Bravo if he is in possession of a warrant for Arrieta's phone. Transcript at 95. Bravo responds that it's included in the search warrant he was serving at the time. *Id*. At this point, Quair asks him why officers took Arrieta's phone earlier if they didn't have a search warrant at the time. *Id.* Bravo responds, "Well first he gave it to us voluntarily and then when we realized what it was . . .," at which point Quair interrupts him, saying, "Not true." *Id*.

Plaintiffs bear the burden of proof to establish that Bravo and Rutledge were personally involved

---

[4] These attributes are: "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation," and are defined in subsection (e). Cal. Civ. Code § 51(b), (e).
[5] Exhibits should be uploaded to CM/ECF as attachments separately from the motion itself. Plaintiff's Counsel is directed to review the tutorials available here: http://www.caed.uscourts.gov/caed/DOCUMENTS/CMECF/ecf2d/index.html.

6

with the seizure of Arrieta's phone. Since Plaintiffs are the non-moving party, Defendants prevail if they can show there is an absence of evidence to support Plaintiff's case. *Soremekun*, 509 F.3d at 984. Defendants meet this burden. The only evidence that Plaintiffs offer as to Rutledge is that he was on duty prior to the later morning encounter. Incident Report at 17. This report, however, does not place him at the Quair apartment so it does not serve as a basis for a genuine dispute on this matter. Bravo's statement that Arrieta gave the phone to "us" and "we" can be understood to include him. Transcript at 95. This is sufficient to create a dispute as to whether Bravo was at the apartment and seized the cell phone illegally. This evidence, however, does not tend to support that Bravo threatened, intimidated or caused violence to Arrieta or any other Plaintiff. Nor does it support a theory that either Bravo or Rutledge formed and operated in a conspiracy to do so during or after the event. Thus, there is an absence of evidence that either is liable under Cal. Civ. Code § 51.7 or 52.1.

For these reasons, the Court GRANTS Defendants' motion for summary judgment as to Arrieta's claims based on California Civil Code Sections 51, 51.5, 51.7, and 52.1 against Defendants Bravo and Rutledge.

### 2. Federal Civil Rights Claims

Defendants argue that Plaintiffs do not point to evidence that Bravo or Rutledge were personally involved in constitutional deprivations alleged to have occurred during the Early Morning Events. MSJ at 4-5. As discussed above, Plaintiffs fail to present evidence that Rutledge was present at the Early Morning Events. There is however, a genuine dispute as to whether Bravo was present at the event and whether he seized Arrieta's cell phone illegally. Thus, the Court GRANTS Defendants' motion for summary judgment as to Arrieta's federal civil rights claims against Defendant Rutledge. The Court DENIES Defendants' motion for summary judgment as to Arrieta's federal civil rights claims against Defendant Bravo.

### C. Whether This Court Should Issue a Stay

Plaintiffs argue that the Court should stay an award of summary judgment to Defendants because

they hope to discover documents that would show Bravo and Rutledge's involvement in the seizure of Arrieta's phone. Opposition at 12. Defendants do not address this argument squarely in their reply.

"Rule 56(d)[6] offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that it cannot present facts essential to justify its opposition." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012). Litigants must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). "[T]he non-moving party must demonstrate that additional discovery would uncover specific facts which would preclude summary judgment." *Poole v. City of Los Angeles*, 41 F. App'x 60, 64 (9th Cir. 2002). Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation. *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987).

Plaintiffs argue that they are waiting for Defendants to comply fully with their requests for the production of policies and procedures regarding the preparation and execution of warrants as well as the search warrants at issue. Opposition at 11-12; Decl. of Chantal Trujillo (Trujillo Decl.), Doc. 51 ¶ 5. Plaintiffs also explain that they are seeking to depose two additional detectives from the Kern County Sheriff's office "about their involvement and communication with Defendants Bravo and Rutledge leading up to the second incident at Plaintiff Melissa Quair's apartment." Trujillo Decl. ¶ 7. Plaintiffs, however, fail to identify specific facts they hope to obtain from the documents and depositions or explain how these facts would preclude summary judgment. *See Suhovy v. Sara Lee Corp.*, No. 1:12-CV-01889-LJO-GSA, 2014 WL 1400824, at *3 (E.D. Cal. Apr. 10, 2014). Rather, Plaintiffs' hopes to turn up additional information linking Bravo and Rutledge to the events seem to be based on pure

---

[6] Plaintiffs moved under former Rule 56(f), which is substantively the same as current Rule 56(d).

8

speculation. Denial of a Rule 56(d) application is proper under these circumstances. *Volk*, 816 F.2d at 1415.

### VI. CONCLUSION AND ORDER

For these reasons the discussed above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment, Doc. 47, as follows:

The Court GRANTS Defendants' motion for summary judgment as to Arrieta's claims based on California Civil Code Sections 51, 51.5, 51.7, and 52.1 against Defendants Bravo and Rutledge.

The Court GRANTS Defendants' motion for summary judgment as to Arrieta's federal civil rights claims against Defendant Rutledge. The Court DENIES Defendants' motion for summary judgment as to Arrieta's federal civil rights claims against Defendant Bravo.

The Court DENIES Plaintiffs' request for a continuance pursuant to Fed. R. Civ. P. 56(d).

**IT IS SO ORDERED**
**Dated: April 22, 2015**

                                              /s/ Lawrence J. O'Neill
                                           **United States District Judge**